UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JACLINN PULLMAN,

          *Plaintiff*,

  -against-

ALPHA MEDIA PUBLISHING, INC., et al.,

          *Defendants*.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-23-14

12 Civ. 1924 (PAC) (SN)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

The Court has previously upheld Magistrate Judge Netburn's Report and Recommendation enforcing the parties' settlement agreement. Order, Sept. 10, 2014, ECF No. 224. The remaining issue before the Court concerns Defendants' motion to seal a limited portion of the record concerning the settlement details. For the reasons that follow, the Court DENIES Plaintiff's application.

**BACKGROUND**[1]

On September 10, 2013, the parties appeared for a settlement conference in the underlying fraud action and reached an oral agreement. Disputes arose, however, when the parties sought to memorialize the agreement in writing. Magistrate Judge Netburn held a telephone conference with the parties on October 3, 2013 and ordered the parties to appear at a second settlement conference on October 29, 2013.

---

[1] The following factual background is taken from Magistrate Judge Netburn's Memorandum and Order. *See* Mem. & Order, Mar. 14, 2014, ECF No. 207.

1

The parties also disputed the sealing of certain information on the record relating to the settlement. Magistrate Judge Netburn initially ordered a temporary seal on the parties' September 10 settlement conference transcript pursuant to Defendants' request, but a third party had already ordered the transcript and posted it on a publically available website prior to the order.

On November 6, 2013, Magistrate Judge Netburn ordered the sealing of the transcripts of the September 10, October 3, and October 29 conferences. The order also directed the parties not to attach the sealed transcripts to any motion or filing. Plaintiff opposed the motions to seal on November 15, 2013 and Defendants replied on November 22, 2013. On March 14, 2014, Magistrate Judge Netburn directed that the settlement amount remain sealed and redacted in any publically filed document; ordered the transcript from the October 29 conference to be sealed in its entirety; and directed the unsealing of the transcripts from the September 10 and October 3 conferences—except for any references to the settlement amount.

On March 31, 2014, Plaintiff filed objections and moved to set aside Magistrate Judge Netburn's March 14, 2014 order.

## DISCUSSION

### I. Standard of Review

A district court can "modify or set aside any part of the [magistrate judge's nondispositive] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P 72(a). Objections that merely assert that a magistrate judge's decision was wrong or unfair will not satisfy the Court's clear error review under Rule 72(a). *See Schoolfield v. Dep't of Corr.*, 1994 WL 119740, at *2 (S.D.N.Y. Apr. 6, 1994) (discussing the scope of clear error review within the

context of adopting a magistrate judge's Report and Recommendation). Instead, the objections must leave the Court with a "definite and firm conviction that a mistake has been committed." *Thompson v. Kean*, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996). While the Court affords *pro se* litigants some latitude in meeting these requirements, they are not "exempt from the rules of procedural [] law." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 342 (S.D.N.Y. 2009) (quotation omitted).

## II. Analysis

### A. The Court refuses to set aside the order sealing the settlement figure

Plaintiff objects to Magistrate Judge Netburn's order sealing the settlement figure because a member of the public accessed the docket and posted the figure on the Internet. Plaintiff contends that it was erroneous to seal an already published figure.

Magistrate Judge Netburn's order sealing the settlement figure contained a thorough analysis of the First Amendment and public access jurisprudence dealing with court documents. Although Defendants sought to seal the entire transcript from the September 10 settlement conference, the Magistrate Judge concluded that the transcript was a "judicial document" that enjoyed a presumption of public access. Mem. & Order 8-9, Mar. 14, 2014, ECF No. 207; *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.") (quotation omitted). The Magistrate Judge properly balanced the competing interests and ultimately determined that it was appropriate to seal only the settlement figure. Mem. & Order, at 10.

The Magistrate Judge knew that the settlement figure was in the public domain. In the

Magistrate Judge's analysis, the defendant had timely requested redaction. *Id.* at 10-11. The fact that the figure was accessed and published was not Defendants' fault. *Id.* Moreover, Magistrate Judge Netburn determined that the disclosure was "limited" to one website and, therefore, distinguishable from cases involving publication on "highly accessible databases" or in national news outlets. *Id.* at 11; *see Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) (ruling that the "genie [was] out of the bottle" because the information in question was published on Westlaw and LexisNexis).

There is a difference, however, between information published on an online message board and information published in leading legal databases or newspapers which are dispersed worldwide and are frequently received as email digests or automated news feeds. While Plaintiff's argument is not completely hollow, it falls well short of demonstrating that Magistrate Judge Netburn's order was clearly erroneous.

Accordingly, the Court refuses set aside the order and DENIES Plaintiff's application.

## B. The Court refuses to set aside the order sealing the transcript from the October 29 conference

Next, Plaintiff objects to the order sealing the October 29 transcript. The basis of this objection is that the October 29 conference was not a settlement conference and that there was no reason to seal the transcript.

Plaintiff's argument is incorrect. Magistrate Judge Netburn determined that the conference was a settlement conference and its transcript contained settlement negotiations which parties agreed to keep "off the record." That determination can not be set aside simply because Plaintiff disagrees with it.

As to not providing any justification for sealing the October 29 transcripts, the Magistrate

4

Judge again conducted a First Amendment/public access analysis for the transcript and since the Court did not rely on the transcript when determining subsequent motions, the Magistrate Judge determined that the presumption of public access was weak. *See U.S. v. Town of Moreau, N.Y.*, 979 F. Supp. 129, 135 (N.D.N.Y. 1997) (stating that settlement negotiations not used in future proceedings do not play a large role in "the exercise of Article III judicial power" and their presumption of public access is "very low indeed, if not nonexistent").

The order to seal the transcript from the October 29 settlement conference is not clearly erroneous and will not be set aside.

## C. The Court denies Plaintiff's request to modify the order requiring parties to submit redacted versions of their memorandums

Finally, Plaintiff seeks an order directing the parties to a list of documents which must be resubmitted in redacted form. There is no basis for this cheeky request.

Magistrate Judge Netburn's final order required only the sealing of the settlement figure and the October 29 transcript. That order is easily complied with; especially since the Magistrate Judge provided detailed instructions for the parties to follow when submitting their redacted versions. *See* Mem. And Order, at 18 (providing detailed instructions on what documents to submit and how to make the redactions).

Based on the limited nature of the redactions needed and the specificity of the instructions provided, there is no legal or factual basis for the relief Plaintiff seeks. Accordingly, Plaintiff's relief is DENIED.

## CONCLUSION

For the foregoing reasons, the Court determines that the sealing order issued by Magistrate Judge Netburn was entirely appropriate and that there are no legal or factual bases for Plaintiff's objections. Plaintiff has no legal basis for the relief she seeks and, accordingly, it is denied. Parties are directed to comply with the instructions on page 18 of Magistrate Judge Netburn's order.

Dated: New York, New York
       September 23, 2014

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge